UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Lakeithon M. Hall, | ) | Civil Action No.: 8:08-cv-2468-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| McKither Bodison, | ) | |
| Respondent. | ) | |

Petitioner, proceeding *pro se*, brought this petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's [Docket Entry #15] motion for summary judgment with the Report and Recommendation [Docket Entry #23] of Magistrate Judge Bruce Howe Hendricks filed on June 11, 2009.[1] In her Report, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and the instant petition dismissed with prejudice. Petitioner timely filed Objections [Docket Entry #27] to the Magistrate's Report and Recommendation on July 10, 2009.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## **Discussion**

On November 20, 2000, Sheela Jury, who was 37 weeks pregnant, and her husband Thomas Jury, were riding in their car in Lancaster County. Mr. Jury stated that he had attempted to take a short cut through a bad part of town and decided to turn around. When he did, he stated his path was blocked by a vehicle. The Jury's car was then surrounded by six to eight men. Mr. Jury stated the Petitioner then approached their car and attempted to rob them. Petitioner then fired a shot into the car which struck Sheela Jury in the shoulder. She died from blood loss that day and her baby, who had been delivered by emergency c-section, died several days later.

Petitioner, represented by counsel, pled guilty to two counts of murder, attempted armed robbery, and possession of a firearm during the commission of a violent crime and was sentenced to a thirty-eight (38) year term of imprisonment. In the current habeas petition, Petitioner seeks relief from the state court judgment generally alleging that his trial counsel was ineffective for failing to investigate and interview witnesses. As a result of his trial counsel's alleged failure to investigate and interview witnesses, Petitioner also contends that his

guilty plea was rendered involuntary. The state court rejected Petitioner's involuntary guilty plea and ineffective assistance of counsel claims.

Under 28 U.S.C. § 2254(d), a district court may only grant federal habeas relief for state prisoners when state court proceedings:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented).

To obtain relief based on ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; (2) the deficient performance prejudiced the defense;[2] and (3) specific acts or omissions of counsel were not the result of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption

---

[2] If the ineffective assistance of counsel claim is more easily disposed of under the second prong (prejudice inquiry) of *Strickland*, the first inquiry - whether counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment - may be by-passed. *Strickland*, 466 U.S. at 697.

that counsel's conduct was within the wide range of reasonable professional assistance, and the court must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89. To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987). In the context of a guilty plea, counsel's deficient performance is prejudicial only if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). This is an objective inquiry and dependent on the likely outcome of the trial had the defendant not pleaded guilty. *Meyer*, 506 F.3d at 369.

In this case, the evidence of Petitioner's guilt is overwhelming. Petitioner was identified as the shooter by co-defendant, Calvin Peay, who told police that he handed Petitioner the gun and that Petitioner then fired a single shot into the victim's car. Petitioner was also identified as the person who shot the victim by Brandon Cunningham and Haywood Watts, who both admitted to being present at the time of the murders. Finally, Thomas Jury identified Petitioner from a photographic line-up as the person who murdered his wife and unborn child.

To support Petitioner's contention that his trial counsel was ineffective and that Petitioner would have insisted on going to trial absent his trial counsel's alleged ineffectiveness, at the PCR hearing, Petitioner introduced the testimony of three witnesses, Takeisha Cunningham, Tara Evans, and Crystal Duncan, who each testified that they witnessed

4

the shooting, but did not see the Petitioner among the group of six to eight men who surrounded the victim's car. However, trial counsel at the PCR hearing indicated that each of the three witnesses had a criminal record and had been friends with Petitioner or his family, and were further away from the scene than the four witnesses who identified Petitioner as the person who fired the gun.

Petitioner has failed to establish prejudice from his trial counsel's alleged failure to investigate and interview witnesses. An objective review of the record indicates that if Petitioner had not pled guilty and had insisted on going to trial, the likely outcome would have been a conviction for double murder, attempted armed robbery, and unlawful use of a firearm. Petitioner has not demonstrated that he would have insisted on going to trial if his trial counsel investigated and interviewed witnesses to his satisfaction. Accordingly, this court concludes that the state court's rejection of Petitioner's ineffective assistance of counsel claim was not was contrary to, or an unreasonable application of, clearly established federal law, nor was its decision to reject the ineffective assistance of counsel claims based on an unreasonable determination of the facts in light of the evidence presented at the PCR hearing.

As to the voluntariness of Petitioner's guilty plea, the Supreme Court has stated that habeas relief should be especially rare when the petitioner stated, upon entering the guilty plea, that he or she did so knowingly and voluntarily. *Blackledge v. Allison*, 431 U.S. 63, 73, (1977); *see also*, *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991) (statements by petitioners at the time of pleading that they are doing so voluntarily amounts to strong, formidable evidence thereof), *cert. denied*, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992). The Fourth Circuit has further declared that, when a defendant is represented by

5

counsel when making his guilty plea, that plea is strongly presumed to be valid in subsequent habeas proceedings. *Sargent v. Waters*, 71 F.3d 158, 162 (4th Cir. 1995); *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993), *aff'd*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney General of State of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992). A review of the guilty plea transcript indicates that Petitioner stated on the record that he was pleading guilty freely and voluntarily. [Guilty Plea Transcript, at pg. 11, Docket Entry #16-5]. Petitioner was represented by counsel and advised of the charges he was facing, the potential sentence, and the constitutional rights he was waiving, including the right to remain silent, right to a jury trial, and right to confront his accuser. *Id*. at 6-11. Petitioner also stated that he was satisfied with the services of his trial counsel. *Id*. at 12. When the Assistant Solicitor summarized the factual background of the incident, Petitioner agreed with the Solicitor's summary of the facts. *Id*. at 21-22. At the sentencing hearing, Petitioner again admitted his crimes and apologized to the victims' family. [Sentencing Transcript, at pg. 9, Docket Entry #16-6]. Petitioner has presented no evidence that suggests that his representations under oath were untruthful or involuntary. As stated, Petitioner has failed to come forward with credible evidence that he was prejudiced by his trial counsel's alleged failure to investigate and interview witnesses or otherwise prepare a defense. Likewise, Petitioner has failed to come forward with credible evidence that any alleged lack of preparation by his trial counsel resulted in an involuntary guilty plea. Accordingly, this habeas petition is due to be dismissed.

## Conclusion

For the reasons stated above and for the reasons stated by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #23] of the Magistrate Judge. Respondent's [Docket Entry #15] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

July 31, 2009  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge